UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

**FILED
IN CLERKS OFFICE**

2003 DEC 11 A 11: 42

*U.S. DISTRICT COURT
DISTRICT OF MASS.*

# 03 ⸬ 12495 ~~DOCKET NO.~~

SCOTT A. PETERS,
       Plaintiff,

**MAGISTRATE JUDGE** _____

VS.

JODAN KALEMBA, IRON MOUNTAIN
OFF-SITE DATA PROTECTION INC.
f/k/a ARCUS DATA SECURITY, INC.,
and RYDER TRUCK RENTAL, LTD.,
       Defendants

)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

_52429_

_____ 150
_____ 465
LOCAL RULE 4.1 ____
WAIVER FORM _____
AO ___ ISSUED _____
BY DPTY CLK. ____ TCR ____
12-11-03

## INTRODUCTION

This is a claim for damages as a result of an automobile accident caused by the defendants that occurred on December 24, 2000 in the City of Nashua, State of New Hampshire.

## PARTIES AND JURISDICTION

1.    The Plaintiff, Scott A. Peters, is a resident of Warwick, State of Rhode Island.

2.    Defendant Jodan Kalemba (hereinafter "Kalemba"), upon information and belief, is a natural person residing at 248 Calvary Street in Waltham, Massachusetts.

3.    Defendant Iron Mountain Off-Site Data Protection Inc. (hereinafter "Iron Mountain"), formerly known as Arcus Data Security, Inc. (hereinafter "Arcus"), upon information and belief, is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 745 Atlantic Avenue, Boston, Massachusetts.

4.    Defendant Ryder Truck Rental, Ltd. (hereinafter "Ryder"), upon information and belief, is a limited corporation duly organized and existing under the laws of the

Commonwealth of Massachusetts with a principal place of business located at 150 Fallon Road, Stoneham, Massachusetts.

5.    Subject matter jurisdiction is based upon diversity jurisdiction under 28 U.S.C. §1332(a), on the grounds that the amount in controversy exceeds $75,000, the Plaintiff is domiciled in the State of Rhode Island and all Defendants are domiciled in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

6.    On or about December 24, 2000, Plaintiff was operating a motor vehicle in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire.

7.    On or about December 24, 2000 defendant Kalemba was also operating a motor vehicle (hereinafter "the subject van") in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire.

8.    At all times herein mentioned, defendant Kalemba was operating the subject van in the course and scope of his employment with, and for the benefit of, Defendant Arcus (Iron Mountain).

9.    As defendant Kalemba was operating the subject van in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire, he lost control of the subject van and collided with Defendant's vehicle.

10.    As a result of said collision, the Plaintiff was caused to sustain serious bodily injury, including thirty (30) sutures to his head, permanent injury and sutures to his right elbow, and permanent injury to his right knee.

## COUNT 1

### *Negligence of Defendant Kalemba*

11.  Plaintiff repeats and realleges Paragraphs 1 through 10 of this Complaint as if fully realleged herein.

12.  The aforesaid collision and resulting bodily injuries were directly and proximately caused by defendant Kalemba's carelessness, recklessness, unlawfulness, willfulness, wantonness and negligence.  Defendant Kalemba was negligent in that:

a)  He negligently failed to inspect the subject van for defects, such as worn and/or unsafe tires; and

b)  He negligently failed to keep the subject van under control on December 24, 2000.

13.  As a direct and proximate result of defendant Kalemba's carelessness, recklessness, unlawfulness, willfulness, wantonness and negligence, the Plaintiff suffered serious and personal injuries; has been subjected to acute pain and suffering; has lost time and wages from his employment; has incurred substantial hospital and medical expenses and he will continue to incur medical expenses in the future.  His ability to engage in his usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Kalemba, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages in a sum sufficient to meet the jurisdictional requirements of this Court, plus costs and interest; and

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 2

### *Negligence of Defendant Iron Mountain f/k/a Arcus*

14.    Plaintiff repeats and realleges Paragraphs 1 through 10 of this Complaint as if fully realleged herein.

15.    The aforesaid collision occurred as a result of the failure of the right rear tire of the subject van on December 24, 2000.

16.    At all times herein mentioned, defendant Iron Mountain f/k/a Arcus had a duty to inspect and maintain the subject van in good repair and serviceable condition.

17.    Defendant Iron Mountain f/k/a Arcus failed to fulfil the aforesaid duty.

18.    The aforesaid tire failure was the direct and proximate result of the negligence of defendant Iron Mountain f/k/a Arcus in failing to inspect and maintain the subject van in good repair and serviceable condition.

19.    The aforesaid collision was directly and proximately caused by the failure of the tire as set forth in Paragraph 15, above.

20.    As a direct and proximate result of the negligence of defendant Iron Mountain f/k/a Arcus, the Plaintiff suffered serious and personal injuries; has been subjected to acute pain and suffering; has lost time and wages from his employment; has incurred substantial hospital and medical expenses and he will continue to incur medical expenses in the future.  His ability to engage in his usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Iron Mountain f/k/a Arcus, jointly and severally, pay him money damages

in compensation for his personal injuries, his pain and suffering and his other consequential damages in a sum sufficient to meet the jurisdictional requirements of this Court, plus costs and interest;

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 3

### *Defendant Iron Mountain f/k/a Arcus - Negligent Hiring/Supervision*

21. Plaintiff repeats and realleges Paragraphs 1 through 13 of this Complaint as if fully realleged herein.

22. At all times herein mentioned, defendant Iron Mountain f/k/a Arcus had a duty to ensure that its agents and employees, including defendant Kalemba, were qualified to operate the subject van in a safe and proper manner.

23. On information and belief, defendant Kalemba was unqualified to operate the subject van in a safe and proper manner and not properly trained to encounter emergency conditions on the roadway.

24. Defendant Iron Mountain f/k/a Arcus allowed defendant Kalemba to operate the subject van notwithstanding Mr. Kalemba's aforesaid unfitness or lack of training.

25. The aforesaid collision and resulting personal injuries were directly and proximately caused by defendant Iron Mountain f/k/a Arcus' negligence in failing to properly train and instruct defendant Kalemba to operate the subject van in a safe and proper manner.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Iron Mountain f/k/a Arcus, jointly and severally, pay him money damages

in compensation for his personal injuries, his pain and suffering and his other consequential damages in a sum sufficient to meet the jurisdictional requirements of this Court, plus costs and interest;

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 4

### *Negligence of Defendant Ryder*

26. Plaintiff repeats and realleges Paragraphs 1 through 13, Paragraph 15 and Paragraph 19 of this Complaint as if fully realleged herein.

27. At all times herein mentioned, the subject van was owned by defendant Ryder.

28. At all times herein mentioned, defendant Ryder had a duty to inspect and maintain the subject van in good repair and serviceable condition.

29. Defendant Ryder failed to fulfil the aforesaid duty.

30. The aforesaid tire failure was the direct and proximate result of the negligence of defendant Ryder in failing to inspect and maintain the subject van in good repair and serviceable condition.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Ryder, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages in a sum sufficient to meet the jurisdictional requirements of this Court, plus costs and interest; and

2. This Honorable Court grant such other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
SCOTT A. PETERS
By his attorneys,

Date: 12/8/03

Kevin J. Phelan, BBO# 397915
Stephen M. Shea, BBO# 631169
38 Rock Street
Fall River, MA 02720
(508)674-1999