COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.      FILED CLERK'S OFFICE     SUPERIOR COURT
C.A.# 03-CV-1249REK

```
SCOTT A. PETERS,             )
        Plaintiff,           )
                             )     FIRST AMENDED
VS.                          )     COMPLAINT AND DEMAND
                             )     FOR JURY TRIAL
JODAN KALEMBA, IRON MOUNTAIN )
OFF-SITE DATA PROTECTION INC.)
f/k/a ARCUS DATA SECURITY, INC., )
and RYDER TRUCK RENTAL, LT,  )
        Defendants           )
_____)
```

## INTRODUCTION

This is a claim for damages as a result of an automobile accident caused by the defendants that occurred on December 24, 2000 in the City of Nashua, State of New Hampshire.

## PARTIES

1. The Plaintiff, Scott A. Peters, is a resident of Warwick, State of Rhode Island.

2. Defendant Jodan Kalemba (hereinafter "Kalemba"), upon information and belief, is a natural person residing at 248 Calvary Street in Waltham, Middlesex County, Massachusetts.

3. Defendant Iron Mountain Off-Site Data Protection Inc. (hereinafter "Iron Mountain"), formerly known as Arcus Data Security, Inc. (hereinafter "Arcus"), upon information and belief, is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 745 Atlantic Avenue, Boston, Massachusetts.

4. Defendant Ryder Truck Rental, LT (hereinafter "Ryder"), upon information and belief, is a limited corporation duly existing under the laws of the Commonwealth of

Massachusetts with a principal place of business located at 150 Fallon Road, Stoneham, Middlesex County, Massachusetts.

## FACTUAL ALLEGATIONS

5. On or about December 24, 2000, Plaintiff was operating a motor vehicle in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire.

6. On or about December 24, 2000 defendant Kalemba was also operating a motor vehicle (hereinafter "the subject van") in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire.

7. At all times herein mentioned, defendant Kalemba was operating the subject van in the course and scope of his employment with, and for the benefit of, Defendant Arcus (Iron Mountain).

8. As defendant Kalemba was operating the subject van in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire, he lost control of the subject van and collided with Defendant's vehicle.

9. As a result of said collision, the Plaintiff was caused to sustain serious bodily injury, including thirty (30) sutures to his head, permanent injury and sutures to his right elbow, and permanent injury to his right knee.

## COUNT 1
### *Negligence of Defendant Kalemba*

10. Plaintiff repeats and realleges Paragraphs 1 through 9 of this Complaint as if fully realleged herein.

11. The aforesaid collision and resulting bodily injuries were directly and proximately caused by defendant Kalemba's carelessness, recklessness, unlawfulness, willfulness, wantonness and negligence. Defendant Kalemba was negligent in that:

    a) He negligently failed to inspect the subject van for defects, such as worn and/or unsafe tires; and

    b) He negligently failed to keep the subject van under control on December 24, 2000.

12. As a direct and proximate result of defendant Kalemba's carelessness, recklessness, unlawfulness, willfulness, wantonness and negligence, the Plaintiff suffered serious personal injuries; has been subjected to acute pain and suffering; has lost time and wages from his employment; has incurred substantial hospital and medical expenses and he will continue to incur medical expenses in the future. His ability to engage in his usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Kalemba, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest; and

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 2

### *Negligence of Defendant Iron Mountain f/k/a Arcus*

13. Plaintiff repeats and realleges Paragraphs 1 through 9 of this Complaint as if fully realleged herein.

14. The aforesaid collision occurred as a result of the failure of the right rear tire of the subject van on December 24, 2000.

15. At all times herein mentioned, defendant Iron Mountain f/k/a Arcus had a duty to inspect and maintain the subject van in good repair and serviceable condition.

16. Defendant Iron Mountain f/k/a Arcus failed to fulfil the aforesaid duty.

17. The aforesaid tire failure was the direct and proximate result of the negligence of defendant Iron Mountain f/k/a Arcus in failing to inspect and maintain the subject van in good repair and serviceable condition.

18. The aforesaid collision was directly and proximately caused by the failure of the tire as set forth in Paragraph 14, above.

19. As a direct and proximate result of the negligence of defendant Iron Mountain f/k/a Arcus, the Plaintiff suffered serious personal injuries; has been subjected to acute pain and suffering; has lost time and wages from his employment; has incurred substantial hospital and medical expenses and he will continue to incur medical expenses in the future. His ability to engage in his usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Iron Mountain f/k/a Arcus, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest;

2. This Honorable Court grant such other relief as is just and equitable.

### COUNT 3

*Defendant Iron Mountain f/k/a Arcus - Negligent Hiring/Supervision*

20. Plaintiff repeats and realleges Paragraphs 1 through 12 of this Complaint as if fully realleged herein.

21. At all times herein mentioned, defendant Iron Mountain f/k/a Arcus had a duty to ensure that its agents and employees, including defendant Kalemba, were qualified to operate the subject van in a safe and proper manner.

22. On information and belief, defendant Kalemba was unqualified to operate the subject van in a safe and proper manner and not properly trained to encounter emergency conditions on the roadway.

23. Defendant Iron Mountain f/k/a Arcus allowed defendant Kalemba to operate the subject van notwithstanding Mr. Kalemba's aforesaid unfitness or lack of training.

24. The aforesaid collision and resulting personal injuries were directly and proximately caused by defendant Iron Mountain f/k/a Arcus' negligence in failing to properly train and instruct defendant Kalemba to operate the subject van in a safe and proper manner.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Iron Mountain f/k/a Arcus, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest;

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 4

### *Negligence of Defendant Ryder*

25. Plaintiff repeats and realleges Paragraphs 1 through 12, Paragraph 14 and Paragraph 18 of this Complaint as if fully realleged herein.

26. At all times herein mentioned, the subject van was owned by defendant Ryder.

27. At all times herein mentioned, defendant Ryder had a duty to inspect and maintain the subject van in good repair and serviceable condition.

28. Defendant Ryder failed to fulfil the aforesaid duty.

29. The aforesaid tire failure was the direct and proximate result of the negligence of defendant Ryder in failing to inspect and maintain the subject van in good repair and serviceable condition.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Ryder, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest; and

2. This Honorable Court grant such other relief as is just and equitable.

### DEMAND FOR JURY TRIAL

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
SCOTT A. PETERS
By his attorneys,

Date: 1/29/04

Kevin J. Phelan, BBO# 397915
Stephen M. Shea, BBO# 631169
38 Rock Street
Fall River, MA 02720
(508)674-1999

## United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:03-cv-12495-REK
#### Internal Use Only

Peters v. Kalemba et al
Assigned to: Robert E. Keeton
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1332 Diversity-Tort/Motor Vehicle (P.I.)

Date Filed: 12/15/03
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**
-----------------------

**Scott A. Peters**          represented by **Kevin J. Phelan**
Phelan & Hendrie
38 Rock Street
Fall River, MA 02720
508-674-1999
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen M. Shea**
Kevin J. Phelan Law Office
Suite 24
38 Rock St.
Fall River, MA 02720
508-674-1999
Fax : 508-679-1110
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Jodan Kalemba**

**Iron Mountain Off-Site Data Protection Inc.**

*fka*
**Arcus Data Security, Inc.**

**Ryder Truck Rental, Ltd.**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SCOTT A. PETERS

### DEFENDANTS
IRON MOUNTAIN OFF-SITE DATA PROTECTION INC., ARCUS DATA SECURITY, INC., RYDER TRUCK RENTAL, LTD. AND JORDAN KALEMRA, Alias

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin Phelan, Esquire  1.508.674.1999
38 Rock Street
Fall River, MA 02720-3131

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC SEC 1332- DIVERSITY.  MOTOR VEHICLE PERSONAL INJURY

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  ROBERT E. KEETON   DOCKET NUMBER 03-12076REK

DATE 12/8/03
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# KEVIN J. PHELAN
ATTORNEY AT LAW
38 ROCK STREET
FALL RIVER, MA 02720-3131
(508) 674-1999  FAX: (508) 679-1110

STEPHEN M. SHEA, ESQ.

January 29, 2004

Clerk
United States District Court for the
District of Massachusetts
U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

Re:   Scott A. Peters
Vs.   Iron Mountain Off-Site Data Protection Inc., f/k/a
      Arcus Data Security, Inc., Ryder Truck Rental, Ltd.
      and Jodan Kalemra, Alias
      C.A.# 03-CV-1249REK

Dear Sir/Madam:

Enclosed pursuant to Rule 15(a) please find the following document:

1. First Amended Complaint and Demand for Jury Trial.

Please file this document in your customary manner. Thank you for your cooperation in this regard.

Also, please note the apparent error evident in the enclosed Civil Cover Sheet and Civil Docket report. This case **is in fact related to case # 03 CV 12076REK**.

Thank you for your attention to these matters.

Very truly yours,

Stephen M. Shea, Esquire

SMS/tt
Enclosures