UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.                                          DOCKET # 03-CV-1249REK

SCOTT A. PETERS,                    )
    Plaintiff,                        )
                                      )    **SECOND AMENDED**
VS.                                 )    **COMPLAINT AND DEMAND**
                                      )    **FOR JURY TRIAL**
KALEMBA JODAN, IRON MOUNTAIN        )
OFF-SITE DATA PROTECTION INC.       )
f/k/a ARCUS DATA SECURITY, INC.,    )
and RYDER TRUCK RENTAL, INC.,       )
    Defendants                        )
_____)

## INTRODUCTION

This is a claim for damages as a result of an automobile accident caused by the defendants that occurred on December 24, 2000 in the City of Nashua, State of New Hampshire.

## PARTIES

1. The Plaintiff, Scott A. Peters, is a resident of Warwick, State of Rhode Island.

2. Defendant Kalemba Jodan (hereinafter "Jodan"), upon information and belief, is a natural person residing at 248 Calvary Street in Waltham, Middlesex County, Massachusetts.

3. Defendant Iron Mountain Off-Site Data Protection Inc. (hereinafter "Iron Mountain"), formerly known as Arcus Data Security, Inc. (hereinafter "Arcus"), upon information and belief, is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 745 Atlantic Avenue, Boston, Massachusetts.

4. Defendant Ryder Truck Rental, Inc. (hereinafter "Ryder"), upon information and belief, is a corporation duly existing under the laws of the State of Florida with a principal place

of business located at 3600 Northwest 82nd Avenue, Miami, Florida, 33152.

## FACTUAL ALLEGATIONS

5. On or about December 24, 2000, Plaintiff was operating a motor vehicle in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire.

6. On or about December 24, 2000 defendant Jodan was also operating a motor vehicle (hereinafter "the subject van") in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire.

7. At all times herein mentioned, defendant Jodan was operating the subject van in the course and scope of his employment with, and for the benefit of, Defendant Arcus (Iron Mountain).

8. As defendant Jodan was operating the subject van in a southerly direction on F. E. Everett Turnpike in Nashua, New Hampshire, he lost control of the subject van and collided with Defendant's vehicle.

9. As a result of said collision, the Plaintiff was caused to sustain serious bodily injury, including thirty (30) sutures to his head, permanent injury and sutures to his right elbow, and permanent injury to his right knee.

## COUNT 1
### *Negligence of Defendant Jodan*

10. Plaintiff repeats and realleges Paragraphs 1 through 9 of this Complaint as if fully realleged herein.

11. The aforesaid collision and resulting bodily injuries were directly and proximately caused by defendant Jodan's carelessness, recklessness, unlawfulness, willfulness, wantonness and negligence. Defendant Jodan was negligent in that:

a) He negligently failed to inspect the subject van for defects, such as worn and/or unsafe tires; and

b) He negligently failed to keep the subject van under control on December 24, 2000.

12. As a direct and proximate result of defendant Jodan's carelessness, recklessness, unlawfulness, willfulness, wantonness and negligence, the Plaintiff suffered serious personal injuries; has been subjected to acute pain and suffering; has lost time and wages from his employment; has incurred substantial hospital and medical expenses and he will continue to incur medical expenses in the future. His ability to engage in his usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Jodan, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest; and

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 2

*Negligence of Defendant Iron Mountain f/k/a Arcus*

13. Plaintiff repeats and realleges Paragraphs 1 through 9 of this Complaint as if fully realleged herein.

14. The aforesaid collision occurred as a result of the failure of the right rear tire of the subject van on December 24, 2000.

15. At all times herein mentioned, defendant Iron Mountain f/k/a Arcus had a duty to inspect and maintain the subject van in good repair and serviceable condition.

16. Defendant Iron Mountain f/k/a Arcus failed to fulfil the aforesaid duty.

17. The aforesaid tire failure was the direct and proximate result of the negligence of defendant Iron Mountain f/k/a Arcus in failing to inspect and maintain the subject van in good repair and serviceable condition.

18. The aforesaid collision was directly and proximately caused by the failure of the tire as set forth in Paragraph 14, above.

19. As a direct and proximate result of the negligence of defendant Iron Mountain f/k/a Arcus, the Plaintiff suffered serious personal injuries; has been subjected to acute pain and suffering; has lost time and wages from his employment; has incurred substantial hospital and medical expenses and he will continue to incur medical expenses in the future.  His ability to engage in his usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Iron Mountain f/k/a Arcus, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest;

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 3

*Defendant Iron Mountain f/k/a Arcus - Negligent Hiring/Supervision*

20. Plaintiff repeats and realleges Paragraphs 1 through 12 of this Complaint as if fully realleged herein.

21. At all times herein mentioned, defendant Iron Mountain f/k/a Arcus had a duty to ensure that its agents and employees, including defendant Jodan, were qualified to operate the subject van in a safe and proper manner.

22. On information and belief, defendant Jodan was unqualified to operate the subject van in a safe and proper manner and not properly trained to encounter emergency conditions on the roadway.

23. Defendant Iron Mountain f/k/a Arcus allowed defendant Jodan to operate the subject van notwithstanding Mr. Jodan's aforesaid unfitness or lack of training.

24. The aforesaid collision and resulting personal injuries were directly and proximately caused by defendant Iron Mountain f/k/a Arcus' negligence in failing to properly train and instruct defendant Jodan to operate the subject van in a safe and proper manner.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Iron Mountain f/k/a Arcus, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest;

2. This Honorable Court grant such other relief as is just and equitable.

## COUNT 4

### *Negligence of Defendant Ryder*

25. Plaintiff repeats and realleges Paragraphs 1 through 12, Paragraph 14 and Paragraph 18 of this Complaint as if fully realleged herein.

26. At all times herein mentioned, the subject van was owned by defendant Ryder.

27. At all times herein mentioned, defendant Ryder had a duty to inspect and maintain the subject van in good repair and serviceable condition.

28. Defendant Ryder failed to fulfil the aforesaid duty.

29. The aforesaid tire failure was the direct and proximate result of the negligence of defendant Ryder in failing to inspect and maintain the subject van in good repair and serviceable condition.

WHEREFORE, the Plaintiff, Scott A. Peters, demands that:

1. defendant Ryder, jointly and severally, pay him money damages in compensation for his personal injuries, his pain and suffering and his other consequential damages, plus costs and interest; and

2. This Honorable Court grant such other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Date: 3/9/04

Respectfully submitted,
SCOTT A. PETERS
By his attorneys,

Kevin J. Phelan, BBO# 397915
Stephen M. Shea, BBO# 631169
38 Rock Street
Fall River, MA 02720
(508)674-1999

# Exhibit 'B'

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT A. PETERS<br>Plaintiff<br><br>vs.<br><br>JODAN KALEMBA, IRON<br>MOUNTAIN OFF-SITE DATA<br>PROTECTION INC., f/k/a ARCUS<br>DATA SECURITY, INC., and<br>RYDER TRUCK RENTAL, LT.<br>Defendants | CIVIL ACTION NO. 03-12495REK |

## DEFENDANTS', JODAN KALEMBA, IRON MOUNTAIN OFF-SITE DATA PROTECTION INC., f/k/a ARCUS DATA SECURITY, INC., ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Jodan Kalemba, whose true name is Kalemba Jodan, Iron Mountain Off-Site Data Protection, Inc., f/k/a Arcus Data Security, Inc. ("Defendants"), hereby make this their Answer to the Plaintiff's, Scott A. Peters ("Plaintiff"), First Amended Complaint, as follows:

### FIRST DEFENDSE

### INTRODUCTION

Defendants deny the allegations contained in this paragraph.

### PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the Plaintiff to prove the same.

2. Defendants admit that Kalemba Jodan resides at 248 Calvary Street, Waltham, Massachusetts.

1

3. Defendants admit the allegations contained in this paragraph.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the Plaintiff to prove the same.

## FACTUAL ALLEGATIONS

5. Defendants admit the allegations contained in this paragraph.

6. Defendants admit the allegations contained in this paragraph.

7. Defendants state that this paragraph contains a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendants deny the allegations contained in this paragraph.

8. Defendants deny the allegations contained in this paragraph.

9. Defendants deny the allegations contained in this paragraph.

## COUNT 1

10. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 9 and make them their answer to this paragraph.

11. Defendants deny the allegations contained in this paragraph.

12. Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendants together with its costs, interest and attorneys' fees.

## COUNT 2

13. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 12 and make them their answer to this paragraph.

14. Defendants deny the allegations contained in this paragraph.

15. Defendants state that this paragraph contains a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendants deny the allegations contained in this paragraph.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants deny the allegations contained in this paragraph.

18. Defendants deny the allegations contained in this paragraph.

19. Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendants together with its costs, interest and attorneys' fees.

## COUNT 3

20. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 19 and make them their answer to this paragraph.

21. Defendants state that this paragraph contains a legal conclusion for which no answer is necessary; however, to the extent a response is required, the Defendants deny the allegations contained in this paragraph.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants deny the allegations contained in this paragraph.

24. Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendants together with its costs, interest and attorneys' fees.

## COUNT 4

25. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 24 and make them their answer to this paragraph.

26.-29. The Defendants state that paragraphs 26-29 are not directed to them and, therefore, no answer is necessary; however, to the extent a response is required, the Defendants deny the allegations contained in these paragraphs.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed and that judgment enter in favor of Defendants together with its costs, interest and attorneys' fees.

## **SECOND DEFENSE**

### FIRST AFFIRMATIVE DEFENSE

And further answering, Defendants state that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, Defendants state that to the extent they had any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

### THIRD AFFIRMATIVE DEFENSE

And further answering, Defendants state that the Plaintiff's claims are barred by the doctrine of laches.

4

## FOURTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that the Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that the Plaintiff's claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that to the extent Plaintiff's claims resulted from modifications and/or alterations made by other persons or entities, the claims in this action must fail against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, Defendants say that the acts complained of were not committed by a person for whose conduct Defendants were legally responsible.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, Defendants say that if Plaintiff proves that Defendants were negligent as alleged, Plaintiff was negligent to a greater degree than Defendants and is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

## NINTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that there was insufficient process pursuant to Rule 12(b)(4).

## TENTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that there was insufficiency of service of process pursuant to Rule 12(b)(5).

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(8) for misnomer of a party.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, Defendants state that Plaintiff's Complaint should be dismissed to the extent it is barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, Defendants reserve the right to raise additional affirmative defenses after discovery under Rule 8(c) of the Federal Rules of Civil Procedure.

## CLAIM FOR JURY TRIAL

DEFENDANTS HEREBY CLAIM A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

The Defendants,
Jodan Kalemba, whose true name is Kalemba Jodan, Iron Mountain Off-Site Data Protection, Inc., f/k/a Arcus Data Security, Inc.,
By their attorneys,

Mark B. Lavoie, BBO# 553204
Heather E. Davies, BBO# 651739
McDonough, Hacking & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

## CERTIFICATE OF SERVICE

I, Heather E. Davies, Esq., hereby certify that on March 2, 2003, I served a copy of the foregoing Answer to the Plaintiff's Amended Complaint by mailing to the following: Steven M. Shea, Kevin J. Phelan Law Office, 38 Rock Street, Suite 24, Fall River, MA 02720 and Ryder Truck Rental, Ltd., 150 Fallon Road, Stoneham, Massachusetts, 02111.

_/s/ Heather E. Davies_
Heather E. Davies, Esq.

7

# Exhibit 'C'

# TUCKER, HEIFETZ & SALTZMAN, LLP

THREE SCHOOL STREET
BOSTON, MASSACHUSETTS 02108
617-557-9696

www.ths-law.com

FACSIMILE · 617-227-9191
STUCKER@THS-LAW.COM

March 5, 2004

**Via facsimile only (508) 679-1110**
Kevin J. Phelan, Esquire
38 Rock Street
Fall River, MA 02720

Re:   Scott A. Peters v. Ryder Truck Rental, LT., et al.
      U. S. D. C. C.A. No. 03CV1249-REK

Dear Attorney Phelan:

Please be advised, I represent Ryder Truck Rental LT in connection with this lawsuit. It is my understanding you have not yet affected service on Ryder Truck Rental, LT.

Please note that "Ryder Truck Rental LT" is not involved in the rental or lease of units, or the maintenance of such units. While there is a complicated structure that involves ownership and financing arrangements, the entity that would have leased a vehicle to Iron Mountain would be Ryder Truck Rental, Inc. which is a Florida corporation. I would ask that you amend your Complaint to substitute Ryder Truck Rental, Inc. to simplify matters. I can assure you that the insurance that is in place for Ryder Truck Rental, Inc. is equal to that which is in place for Ryder Truck Rental LT or any other Ryder entity that you could name.

In addition, please note that the passengers in your client's car have filed lawsuits in the United States District Court. One of those cases, Menard, was assigned to Judge Keeton's session. The other case, Allaire, was assigned to Judge Zobel's session. Judge Zobel has scheduled a Scheduling Conference under Rule 16 in her case only for Tuesday, March 9, 2004 at 2:30 p.m. Counsel for the operator and Iron Mountain and I would like to have all three cases consolidated in Judge Zobel's session which I think is in everyone's interest given the speed with which she moves cases along. If you have no objection to the consolidation of the cases, please let me know and I will represent that to the court on Tuesday.

## TUCKER, HEIFETZ & SALTZMAN, LLP

Kevin J. Phelan, Esquire
March 5, 2004
page two

    I look forward to hearing from you regarding this matter.

                              Very truly yours,

                              Scott J. Tucker

SJT/bag
cc:    Mark B. Lavoie, Esquire - via facsimile only - (617) 367-8307

## CERTIFICATE OF SERVICE

I, Stephen M. Shea, counsel of record for the Plaintiff in this matter, hereby certify that I served the within **Motion For Leave to Substitute Parties (Assented To)** upon the following parties via First Class Mail this 9th day of March, 2004:

> Heather Davies, Esq.
> McDonough, Hacking & Lavoie, LLP
> Six Beacon Street, Suite 815
> Boston MA 02108
>
> Scott J. Tucker, Esq.
> Tucker, Heifetz & Saltzman, LLP
> Three School Street
> Boston MA 02108

Stephen M. Shea, BBO# 631169