UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT A. PETERS,
    Plaintiff,

C.A. NO. 03-12495-REK

v.

KALEMBA JODAN, IRON MOUNTAIN
OFF-SITE DATA PROTECTION INC.
f/k/a ARCUS DATA SECURITY, INC.,
and RYDER TRUCK RENTAL, INC.,
    Defendants.

RYDER TRUCK RENTAL, INC.'S
ANSWER TO SECOND AMENDED COMPLAINT AND JURY CLAIM

Parties

1. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

2. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

3. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

4. The Defendant admits the allegations contained in this Paragraph.

Factual Allegations

5. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

6. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

7. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

8. This Paragraph does not make any sense. Assuming the Plaintiff intended to allege defendant Kalemba's vehicle collided with the Plaintiff's vehicle, the Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

9. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

## COUNT I

10. The Defendant repeats and reavers its responses to Paragraphs 1 through 9 as if specifically set forth herein.

11. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

12. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

## COUNT II

13. The Defendant repeats and reavers its responses to Paragraphs 1 through 9 as if specifically set forth herein.

14. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

15. The Defendant admits the allegations contained in this Paragraph.

16. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

17. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

18. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

19. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

## COUNT III

20. The Defendant repeats and reavers its responses to Paragraphs 1 through 12 as if specifically set forth herein.

21. The Defendant admits the allegations contained in this Paragraph.

22. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

23. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

24. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

## COUNT IV

25. The Defendant repeats and reavers its responses to Paragraphs 1 through 12 and Paragraphs 14 –18 as if specifically set forth herein.

26. The Defendant denies the allegations contained in this Paragraph.

27. The Defendant admits it had a duty to take reasonable steps to inspect and maintain the subject van in good repair and serviceable condition.

28. The Defendant denies the allegations contained in this Paragraph.

29. The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that the Second Amended Complaint should be dismissed and the Plaintiff take nothing and the Defendant be awarded its costs and attorney's fees.

## AFFIRMATIVE DEFENSES

First Affirmative Defense
And answering further, the Defendant states that the Complaint fails to state a claim upon which relief can be granted and should be dismissed.

Second Affirmative Defense
And answering further, the Defendant states that the Plaintiff's injuries were caused by the acts or omissions of persons for whose conduct the Defendant were not responsible.

Third Affirmative Defense
And answering further, the Defendant states that the Plaintiff's recovery is reduced by the extent of the benefits received by the Plaintiff under any No Fault Benefits program.

<u>JURY CLAIM</u>

The Defendant, Ryder Truck Rental, Inc., demands a trial by jury as to all allegations set forth in the Second Amended Complaint, this Answer and any further responsive pleadings.

The Defendant,
Ryder Truck Rental, Inc.,
By its Attorneys,

*[signature]*

Scott J. Tucker - BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, Massachusetts 02108
(617) 557-9696

<u>CERTIFICATE OF SERVICE</u>

I, Scott J. Tucker, hereby certify that on April 24, 2004 I have served a copy of:

RYDER TRUCK RENTAL, INC.'S
ANSWER TO SECOND AMENDED COMPLAINT AND JURY CLAIM

by mailing a copy of same, by first class mail, postage prepaid, to the following counsel of record:

Kevin J. Phelan, Esquire
38 Rock Street
Fall River, MA 02720

Mark B. Lavoie, Esquire
McDonough, Hacking & Lavoie
6 Beacon Street
Boston, MA 02108

*[signature]*
Scott J. Tucker